James M. Loren, Esq
Oregon Bar No: 184862
jloren@goldbergloren.com
Goldberg & Loren, P.A.
1776 North Pine Island Road, Suite 224
Plantation, Florida, 33322
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISON

| | |
|---|---|
| STARLET STENSON, | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT |
| | Personal Injury Action (28 U.S.C. §1332) |
| SAFEWAY, INC., a Delaware corporation, | [DEMAND FOR JURY TRIAL] |
| Defendant. | |

For her claims for relief against Defendant Safeway, Inc., Plaintiff Starlet Stenson alleges the following:

I.   PARTIES

1. At all times relevant to this Complaint, plaintiff Starlet Stenson ("Plaintiff") was an individual residing in the city of Portland, county of Multnomah, state of Oregon.

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd., Suite 224
Plantation, FL 33322
Phone: (800) 719-1617  ext. 2107
Facsmile: (888) 272-8822
Firm E-Mail: Pleadings@goldbergloren.com

2. At all times relevant to this Complaint, defendant Safeway, Inc. ("Safeway") was a foreign Delaware corporation whose principal place of business is at 5918 Stoneridge Mall Road, Pleasanton, California, 94588.

3. At all times relevant to this Complaint, defendant Safeway was in possession of, owned, operated, repaired, maintained, and controlled retail a grocery store located at 1303 N. Lovejoy St., Portland, Oregon, 97209, in the county of Multnomah.

## II.    JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 USC §§1332.

5. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and the action is between parties with complete diversity of citizenship.

6. Plaintiff's claims arose in Multnomah County, Oregon, making venue appropriate in the United States District Court for the District of Oregon, Portland Division, under 28 USC §§1391.

## III.    FIRST CAUSE OF ACTION

(Common Law Negligence – Premises Liability)

7. Plaintiff realleges and incorporates by reference paragraphs 1 to 6.

8. Defendant Safeway owed a duty to exercise reasonable care to make the premises located at 1303 N. Lovejoy St., Portland, Oregon, 97209, safe for patrons, including Plaintiff.

9. On or about August 29, 2020, Plaintiff was a patron and business invitee of Defendant's grocery store.

10. Plaintiff was looking for lightbulbs and WD40 aisle, when she slipped and fell when she stepped in a puddle of water.  She had things in her hands that she dropped when she

2 – COMPLAINT FOR DAMAGES

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd., Suite 224
Plantation, FL 33322
Phone: (800) 719-1617  ext. 2107
Facsmile: (888) 272-8822
Firm E-Mail: Pleadings@goldbergloren.com

slipped and fell and landed on her wrist and elbow. Plaintiff sustained a severe injuries on her wrist and elbow as well as other physical injuries secondary to the slip and fall.

11. Defendant Safeway breached its duty owed to invitees, including Plaintiff, by maintaining said premises in a defective, dangerous, and unsafe condition in that defendant Safeway either knew of the standing water due to a broken freezer in the adjacent aisle and failed to use reasonable diligence to remove the water, fix the broken freezer; and that defendant Safeway should, in the exercise of reasonable care, have discovered it and removed it, and/or placed cautionary signs regarding an wet flooring condition in which posed a tripping hazard to invitees, including Plaintiff.

12. Defendant Safeway failed to warn Plaintiff and others of said dangerous, defective, and unsafe conditions although defendant Safeway knew, or in the exercise of reasonable care, should have discovered the unsafe condition and realized or should have realized that the condition of the floor presented an unreasonable risk of harm to invitees, including Plaintiff.

13. Defendant Safeway knew, or in the exercise of reasonable care, should have known, that the dangerous, defective, and unsafe condition of the floor, as set forth in Paragraph 10 herein, would not be discovered by Plaintiff and further, defendant Safeway failed to exercise reasonable care to protect or warn Plaintiff against this danger.

14. As a proximate case of the incident described in this complaint herein, Plaintiff incurred in the past and will incur in the future medical expenses thereby entitling her to economic damages in an amount to be proved at trial.

16. As a further proximate cause of the incident described in this complaint herein, Plaintiff was injured in the past and into wherein she sustained emotion distress, pain and

3 – COMPLAINT FOR DAMAGES

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd., Suite 224
Plantation, FL 33322
Phone: (800) 719-1617  ext. 2107
Facsmile: (888) 272-8822
Firm E-Mail: Pleadings@goldbergloren.com

suffering, inconvenience and other non-economic damages all in an amount to be proved at trial.

WHEREFORE, Plaintiff prays for an award judgment in her favor and against Defendant as follows:

1. For non-economic damages in an amount to be proved at the time of trial but which exceed the jurisdictional limits of this Court.

2. For economic damages in an amount to be proved at the time of trial, but which exceed the jurisdictional limits of this Court.

3. For costs and disbursements incurred herein; and

4. For such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ *James M. Loren*
James M. Loren, Esq.
Oregon Bar No: 184862

4 – COMPLAINT FOR DAMAGES

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd., Suite 224
Plantation, FL 33322
Phone: (800) 719-1617 ext. 2107
Facsmile: (888) 272-8822
Firm E-Mail: Pleadings@goldbergloren.com